## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

---

ALEXI G. COREAS
3624 Barcroft View Terrace, #303
Falls Church, VA 22041

      Plaintiff,

v.

NUBIA J. MARTINEZ
4397 George Frye Circle
Woodbridge, VA 22193

DGL GENERAL CONSTRUCTION, INC.
4397 George Frye Circle
Woodbridge, VA 22193

      Defendants.

---

Civil Action No. _____

## COMPLAINT

### Introduction

1.     Defendants employed plaintiff as a construction worker for the renovation of several houses in D.C., Maryland, and Virginia. Defendants knowingly: a) failed to pay plaintiff overtime; b) misclassified plaintiff as an independent contractor; and c) paid plaintiff with two bad checks that he has never been able to negotiate.

2.     Plaintiff brings this action for damages under: a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; b) the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq.*; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; and the District of Columbia Workplace Fraud Act ("DCWFA"), D.C. Code §§ 32-1331.01–.15.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of Virginia, residing at the address in the caption above.

6. Defendant Nubia J. Martinez is an adult resident of Virginia, residing at the address in the caption above..

7. Defendant Martinez is an owner, officer, and/or director of defendant DGL General Construction, Inc.

8. Defendant Martinez controls the operations of defendant DGL General Construction, Inc., including the corporation's pay practices.

9. Defendant DGL General Construction, Inc. is a Virginia corporation that is not in good standing and that is not registered in the District of Columbia. DGL General Construction, Inc.'s principal place of business is located at the residence of Defendant Martinez: 4397 George Frye Circle, Woodbridge, VA 22193. DGL General Construction, Inc.'s resident agent for service of process is Defendant Martinez.

10. At all relevant times, defendants acted through unified operation and common control.

11. At all relevant times, defendants controlled the hours that plaintiff worked, the manner in which he was paid, and the conditions of his employment.

12. At all relevant times, defendants had the power to hire and fire plaintiff.

13. At all relevant times, defendants were employers of plaintiff within the meaning of 29 U.S.C. § 203(d) (FLSA), D.C. Code § 32-1002(3) (DCMWA), D.C. Code § 32-1301(1) (DCWPCL), and D.C. Code §§ 32-1331.01(3), 32-1331.03, and 32-1331.04(c) (WFA).

2

14.     At all relevant times, plaintiff was an employee of defendants within the meaning of 29

U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWA), D.C. Code § 32-1301(2)

(DCWPCL), and D.C. Code § 32-1331.01(2).

15.     At all relevant times, defendants were joint employers of plaintiff within the meaning of

29 C.F.R. § 791.2 and the corresponding regulations and case law under the DCMWA,

DCWPCL, and DCWFA.

16.     At all relevant times, defendants were aware that they were legally required to pay

plaintiff the wages he was promised.

17.     At all relevant times, defendants were aware that they were legally required to pay

plaintiff one and one-half times his regular hourly wage for all hours worked in excess of 40

hours in any one workweek.

18.     At all relevant times, defendants were aware that they were legally required to treat and

compensate plaintiff as an employee — and not an independent contractor.

## Factual Allegations

19.     Defendants hired plaintiff to perform construction work as part of the renovation of

several single family homes in D.C., Maryland, and Virginia.

20.     Plaintiff worked in D.C. approximately 60% of the time, in Maryland approximately 30%

of the time, and in Virginia approximately 10% of the time.

21.     Defendants agreed to pay plaintiff $120 per day for his work.

22.     Plaintiff worked for defendants without interruption from approximately January 7, 2013

through approximately August 17, 2013.

23.     Plaintiff was given orders on what work to perform and how to perform it by Defendant

Martinez, and "Juan Carlos—" an "Onsite Manager" employed by the Defendants.   .

3

24.     Defendants provided plaintiff with all of the tools and materials he used to perform his work.

25.     On each day that plaintiff worked, he typically worked 9 hours. He typically worked from approximately 7:00 am until approximately 4:30 pm, with a 30-minute lunch break each day.

26.     Plaintiff typically worked 5 to 6 days per week. He worked 5 days, or Monday through Friday, approximately 50% of the time. And he worked 6 days, or Monday through Saturday, approximately 50% of the time. In other words, plaintiff worked approximately 45 hours per week for approximately half the workweeks he was employed by defendants, and plaintiff worked approximately 54 hours per week for approximately half the workweeks he was employed by defendants.

27.     Regardless of how many days or hours plaintiff worked per week, defendants paid plaintiff $120.00 per day.

28.     Defendants always paid plaintiff with a check drawn on the personal account of Defendant Martinez.

29.     None of these checks reflected appropriate payroll tax withholdings or accounted for plaintiff's hours of work.

30.     On information and belief, defendants did not pay their share of payroll taxes on the wages embodied in these checks.

31.     Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by the FLSA, DCMWA, DCWFA, or the regulations promulgated under these laws.

32.     The exact amount of hours worked by plaintiff and wages owed to plaintiff will only be known through discovery.

33.     Pursuant to the FLSA, DCMWA, and/or DCWPCL, plaintiff is owed the "overtime premium" for each of his overtime hours worked. In other words, plaintiff is owed one half his regular rate times the number of hours he worked over 40 in each workweek. Plaintiff's regular rate was approximately $13.33, or $120.00 (his daily wage) divided by 9 (the typical number of hours he worked each day). As plaintiff worked approximately 304 overtime hours during his employment by defendants, he is owed approximately **$2,026.67** in overtime wages.

34.     Pursuant to the DCWFA, § 32-1331.09(a)(1), plaintiff is further owed an amount equal to the minimum of 11.15% in taxes Defendants should have paid on the amounts plaintiff earned for plaintiff's benefit — instead of unlawfully paying plaintiff as an independent contractor. (11.15% equals the sum of a) employers' share of social security taxes (6.2%), b) employers' share of Medicare taxes (1.45%), c) minimum D.C. unemployment insurance taxes (2.9%), and d) minimum federal unemployment insurance taxes (0.6%)). Plaintiff was paid approximately $19,375.00 by defendants, therefore he is owed approximately **$2,160.31** ($19,375.00 × .1115) for defendants' unlawful treatment of him as an independent contractor.

35.     Plaintiff is further owed **$500.00** in statutory damages pursuant to the DCWFA, § 32-1331.09(a)(2) for each of the 32 workweeks in which defendants misclassified plaintiff as an independent contractor, or a total of **$16,000.00**.

36.     Finally, defendants' final two paychecks to plaintiff were drawn on account with insufficient funds. These checks total $1,745.00. As of the date of the date of this Complaint, plaintiff has been unable to negotiate these checks, and the defendants have refused to issue new ones despite repeated requests. Plaintiff is owed a further **$1,745.00** for this failure to pay his promised wages.

## COUNT I

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

37.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

38.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

39.     Defendants violated the FLSA by knowingly failing to pay plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

40.     Defendants' violations of the FLSA were willful.

41.     For their violations of the FLSA, defendants are liable to plaintiff for unpaid overtime compensation ($2,026.67), and an equal amount as liquidated damages ($2,036.67), for a total of $4,053.33.

42.     For their violations of the FLSA, defendants are also liable to plaintiff for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

43.     Plaintiff incorporate the foregoing paragraphs as if set forth in their entirety herein.

44.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

45.     Defendants violated the DCMWA by knowingly failing to pay plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

46.     Defendants' violations of the DCMWA were willful.

6

47.     For their violations of the DCMWA, defendants are liable to plaintiff for unpaid overtime compensation ($2,026.67), and an equal amount as liquidated damages ($2,036.67), for a total of $4,053.33.

48.     For their violations of the DCMWA, defendants are also liable to plaintiff for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

49.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

50.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

51.     For purposes of the DCWPCL, "wages" include, among other things, both promised wages and the "overtime premium." D.C Code § 32-1301(3).

52.     Defendants violated the DCWPCL by knowingly failing to pay plaintiff all wages earned, including promised wages and the overtime premium.

53.     As of the date of this filing, it has been approximately a year since the plaintiff quit defendants' employ. Despite repeated requests, defendants have not re-issued the bad checks they wrote to plaintiff. This has caused plaintiff a great deal of hardship.

54.     Defendants' violations of the DCWPCL were willful.

55.     For their violations of the DCWPCL, defendants are liable to plaintiff for unpaid promised and overtime wages ($2,026.67), and an amount equal to three times the amount of unpaid wages as liquidated damages ($6,080.00), for a total of $8,106.67.

56.     For their violations of the DCWPCL, defendants are also liable to plaintiff for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
## MISCLASSIFICATION OF EMPLOYEES UNDER THE DCWFA

57.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

58.     The DCWFA forbids employers in the "construction services" industry from misclassifying their employees as independent contractors. D.C. Code §§ 32-1331.01 *et seq.*

59.     The DCWFA presumes an employer-employee relationship unless an employer can affirmatively meet rigorous tests. D.C. Code §§ 32-1331.04.

60.     Defendants violated the DCWFA by knowingly misclassifying plaintiff as an independent contractor, and not paying him overtime or making the appropriate employer-side tax contributions.

61.     Defendants' violations of the DCWFA were willful.

62.     For their violations of the DCWFA, defendants are liable to plaintiff for: a) the amount of any lost wages and benefits ($4,186.98) , b) an amount equal to three times the lost wages or benefits as liquidated damages ($12,560.95), and c) statutory damages of $500.00 for each workweek that the defendants misclassified plaintiff ($16,000.00), for a total of $32,747.93.

63.     For their violations of the DCWFA, defendants are also liable to plaintiff for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment against all Defendants on all counts, jointly and severally, and grant the following relief:

a.      Award plaintiff **$39,727.92**, consisting of:

    i.      unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iv.     lost wages and benefits as a result of misclassification, plus an amount equal to three times the lost wages and benefits, plus a statutory penalty of $500.00 for each workweek in which defendants misclassified the plaintiff, pursuant to the DCWFA, D.C. Code § 32-1331.09;

b.      Award plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c.      Award plaintiff court costs;

d.      Award plaintiff prejudgment and postjudgment interest as permitted by law; and

e.      Award any additional relief the Court deems just.


Date: 08/13/2014                                Respectfully submitted,

/s/ Justin Zelikovitz
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

9